IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA    :
    :   **CRIMINAL NO. 7:14-CR-21 (HL)**
v.    :
    :
EDUARDO RODRIGUEZ MARTINEZ    :

**FILED**

OCT 23 2014

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and EDUARDO RODRIGUEZ MARTINEZ, hereinafter referred to as "Defendant" or "MARTINEZ," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

Defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. Defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that defendant would be entitled to confront and to cross-examine the government's proof,

EM

AMC

and to present witnesses and evidence in defendant's own behalf. Defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count 1 the indictment which charges that, on or about May 9, 2014, Defendant,

$\cancel{E}^{\prime\prime}$

$\beta\mathcal{W}^{\mathcal{C}}$

aided and abetted by the co-defendants and others did, knowingly and with intent to

defraud, possess more than fifteen unauthorized access devices, specifically credit and

debit card numbers belonging to others which had been encoded on credit and/or debit

cards embossed with the names of three of the co-defendants, said possession,

affecting interstate and foreign commerce, in violation of Title 18, United States Code,

Sections 1029(a)(3) and 2.

(B)     That defendant fully understands that defendant's plea of guilty as set

forth in Subparagraph (A), above, will subject defendant to a statutory penalty of up to

ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of

supervised release of up to three (3) years. Defendant further acknowledges that the

Court is required to impose a mandatory assessment of $100.00.

(C)     Defendant acknowledges and understands that the Court is not bound by

any estimate of the advisory sentencing range that defendant may have received from

defendant's counsel, the government, or the Probation Office. Defendant further

acknowledges and agrees that defendant will not be allowed to withdraw defendant's

plea because defendant has received an estimated guideline range from the

government, defendant's counsel, or the Probation Office which is different from the

advisory guideline range computed by the Probation Office in the Presentence Report

and found by the Court to be the correct advisory guideline range.

(D)     Defendant understands fully and has discussed with defendant's attorney

that the Court will not be able to consider or determine an advisory guideline sentencing

range until after a pre-sentence investigative report has been completed. Defendant

*EM*

*MM*

understands and has discussed with defendant's attorney that defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein.  Defendant understands and has discussed with defendant's attorney that any objections or challenges by defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and defendant's waiver includes any collateral attack on the District Court's sentence.  However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of the sentence



imposed, but not the determination of the guideline range by the District Court, directly
to the Court of Appeals after the District Court imposes its sentence.

Defendant and the United States Attorney agree that nothing in this plea
agreement shall affect the government's opportunity to appeal as set forth in Title 18,
United States Code, Section 3742(b).  If, however, the United States Attorney notices
an appeal of defendant's sentence, then the defendant shall have the right to cross-
appeal from the sentence.

(H)     Defendant and the government stipulate and agree that there was no
detected or identified biological evidence obtained during the investigation and
prosecution of the matter which is subject to DNA testing.  Defendant further agrees that
all evidence obtained in this investigation and prosecution may be destroyed or returned
to its rightful owner.

(I)     Defendant recognizes that pleading guilty may have consequences with
respect to his immigration status.  Under federal law, a broad range of crimes are
removable offenses, including the offense to which Defendant is pleading guilty.
Removal and other immigration consequences are the subject of a separate proceeding
over which the District Court does not have jurisdiction.  Defendant understands that no
one, including his attorney, or the District Court, can predict to a certainty the effect of
his conviction on his immigration status.  Nevertheless, Defendant affirms that he wants
to plead guilty regardless of any immigration consequences that his plea may entail,
even if the consequence is his automatic removal from the United States.

$EM$                                                     $ADC$

(J)    Defendant understands, and has fully discussed with defendant's attorney, that the Court will order restitution in this case pursuant to Title18, United States Code, Section 3663A to any identifiable victims.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea which might have been brought solely in this district against defendant and will, at the time of sentencing, move to dismiss the remaining counts of the indictment.

(B)    If defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines and otherwise qualifies for such an adjustment, the United States Attorney will recommend to the Court that defendant receive a downward adjustment in the advisory guideline range. But the decision whether defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)



$EM$

## FORFEITURE PROVISION

The defendant hereby agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c) including, but not limited to the following:

**FINANCIAL INSTRUMENTS (GIFT CARDS AND PREPAID CARDS)**

1.) Fifty-Two (52) American Express Gift Cards, containing a monetary amount between $0-$100, for the following account numbers:

1. 374327671070519;

2. 374327670927230;

3. 374327675870518;

4. 374327675570514;

5. 374327544284198;

6. 374327670327233;

7. 374327671527237;

8. 374327671478555;

9. 374327475516592;

10. 374327475486986;

11. 374327671178551;

12. 374327546066916;

13. 374327546508255;

14. 374327587037305;

15. 374327544404366;

16. 374327547108253;

17. 374327544023349;

18. 374327544323343;

19. 374327544923340;

20. 374327541923343;

21. 374327547811849;

22. 374327671370513;

23. 374327671227234;

24. 374327670278550;

25. 374327544623346;

26. 374327441948572;

27. 374327476686980;

28. 374327445628139;

29. 374327470524633;

30. 374327470459301;

31. 374327470633426;

32. 374327470759304;

33. 374327445712222;

34. 374327671827231;

EM

35.   374327671778558;

36.   374327544704369;

37.   374327442168717;

38.   374327625436105;

39.   374327628947934;

40.   374327629017695;

41.   374327624639329;

42.   374327625539320;

43.   374327624939323;

44.   374327624836107;

45.   374327442018078;

46.   374327628647930;

47.   374327612587118;

48.   374327612451794;

49.   374327428480383;

50.   374327541623349;

51.   374327541704362; and

52.   374327628848454.

2.)   Ninety-Four (94) Vanilla Gift Cards, containing a monetary amount between $0-$100, for the following account numbers:

1.   5154623006599833;

2.   5154624636257164;

*EM*

*ANL*

3. 5154626001575195;

4. 5154622005248087;

5. 5154621070028317;

6. 5154621826293199;

7. 5154621841405364;

8. 5154622856644533;

9. 5154622828759773;

10. 5154624733013502;

11. 5154621852045182;

12. 5154624721813350;

13. 5154623015227137;

14. 5154623084738196;

15. 5154623012213387;

16. 5154623097336343;

17. 5154623066165004;

18. 5154623073234637;

19. 5154623035068404;

20. 5154621890097534;

21. 5154622821355926;

22. 5154622839145582;

23. 5154624742099773;

24. 5154624774765366;

$\mathcal{E}M$

25. 5154623092189192;

26. 5154623099270912;

27. 5154623028724872;

28. 5154623028038059;

29. 5154623036201400;

30. 5154623099861785;

31. 5154622867706131;

32. 5154621825823210;

33. 5154621829945969;

34. 5154624761777515;

35. 5154624727002321;

36. 5154622887344418;

37. 5154622860874837;

38. 5154622845390370;

39. 5154623011366392;

40. 5154624736060203;

41. 5154622832109908;

42. 5154624717168355;

43. 5154624777114950;

44. 5154624739780278;

45. 5154626023086585;

46. 5154626081124971;

$E/M$

47.  5154624620611566;

48.  5154623050114505;

49.  5154623050592023;

50.  5154623056043468;

51.  5154623012304657;

52.  5154623004022358;

53.  5154624725345516;

54.  5154624735348443;

55.  5154621099608776;

56.  5154621827757705;

57.  5154627071441888;

58.  5154622043772668;

59.  5154627869246044;

60.  5154621158933842;

61.  5154628757522512;

62.  5154626164290798;

63.  5154628772849791;

64.  5154628704537746;

65.  5154626152504895;

66.  5154628750120710;

67.  5154628777692097;

68.  5154627664989756;

$E/M$

69. 5154627807055101;

70. 5154627811457129;

71. 5154627826358346;

72. 5154627840446580;

73. 5154627809570495;

74. 5154628741938147;

75. 5154627822848936;

76. 5154626179118331;

77. 5154628752318726;

78. 5154626326720740;

79. 5154626306824272;

80. 5154626341594385;

81. 5154626378014786;

82. 5154626323053418;

83. 5154626617780098;

84. 5154626369596411;

85. 5154626356424049;

86. 4137291586 (UPC# 799366067010006277009803895725);

87. 4137291610 (UPC# 799366067010006277007574961528);

88. 4137291611 (UPC# 799366067010006277002502551939);

89. 4137291612 (UPC# 799366067010006277007723906374);

90. 4137291613 (UPC# 799366067010006277009403657509);

91. 4137291614 (UPC# 79936606701000627709146772078);

92. 4137291715 (UPC# 79936606701000627705955570454);

93. 4137291676  (UPC#79936606701000627700937682535); and

94. 1436179002 (UPC# 79936606700000627703909100320).

3.) (15) Wal-Mart Gift Cards, containing a monetary amount between $0-$210, for the following account numbers:

1. 4351676022299550;

2. 4351676022299568;

3. 4351677017968233;

4. 4351677017953573;

5. 4351677017968225;

6. 4351674021451462;

7. 4351674021451652;

8. 4351672020604750;

9. 4351674000734250;

10. 4351674000738442;

11. 4351677017373863;

12. 4351677007136064;

13. SC87458603504225124;

14. SC87458603514151641; and

15. SC87458603512753588.

$E\cdot M$

4.)   Four (4) Multi-Pack Darden Gift Cards consisting of four cards each containing a monetary amount between $0-$15, for the following account numbers:

    1.   A100629677293; B100629677293; C100629677293; and D100629677293

       (UPC# 79936675429000627700433864411);

    2.   A100629673609; B100629673609; C100629673609; and D100629673609

       (UPC# 79936675429000627700332867 6959);

    3.   A100629677294; B100629677294; C100629677294; and D100629677294

       (UPC# 79936675429000627700563229 8296); and

    4.   A100629673604; B100629673604;  C100629673604; and D100629673604

       (UPC# 79936675429000627700133174 6728).

5.)   Two (2) Red Lobster Gift Cards containing a monetary amount between $0-$25, for the following account numbers:

    1.   799366602510006277001038081726, #6091358836915776; and

    2.   799366602510006277002910213650, #6091358836986826.

6.)   PlayStation Network Card containing a monetary amount between $0-$50, for account number:  3060030878;

*EM*

7.) PlayStation Plus 1 year membership $49.99 for UPC# 799366084360006277004406239496, account number 4520511084; and

8.) PlayStation Store Gift Card, containing a monetary amount between $0-$50, for UPC# 799366084340006277004772520925, account number 451951651.


## ELECTRONIC EQUIPMENT

1.) Toshiba Laptop Computer, Model A205-S5809, Serial #27312003Q;

2.) Power Inverter, Model: X175DM, Serial #0899006894;

3.) Miscellaneous Power Cords;

4.) HP Laptop Computer, Model HP15HA, Serial #CND406252Z;

5.) Samsung Cell Phone, Model SPH-M830, Serial #268435462809651377;

6.) Samsung Cell Phone, Model: Galaxy Note II, Serial #R38F11CF36K;

7.) MetroPCS Cell Phone, Serial #HT23SX001385;

8.) Samsung Cell Phone, Model: Note II, Serial #RVID50H544J;

9.) Memorex Jump Storage Device; and

10.) Magnetic Card Reader/Writer, Model MSR605, Serial #A514016413.

*EM*

*MU*

### MISCELLANOUS

      1.)    Weekly/Monthly Planner.

The foregoing shall hereinafter collectively be referred to as the ("subject property").

    (A)    Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to the Federal Rules of Criminal Procedure 32.2 upon acceptance of Defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of the subject property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J) at the time of his/her guilty plea is accepted.

    (B)    The Defendant agrees that the subject property was possessed in violation of Title 18, United States Code, Section 1029(a)(3) set forth in Count One of the Indictment, and is subject to forfeiture under Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c).

    (C)    Defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer Defendant's interest in any of the

*EM*

*AD C*

subject property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(D)     Defendant agrees to waive all interest and not file a claim to any of the subject property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(E)     Defendant agrees to waive defendant's right to notice of any forfeiture proceeding involving the subject property, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(F)     Defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of the subject property.  Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States, the State of Georgia, or its subdivisions.

(G)     Defendant agrees that forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

$\mathcal{E}\mathcal{M}$

$\mathcal{A}\mathcal{N}\mathcal{C}$

(H)     Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(I)     The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions, if any, which are being resolved along with this plea of guilty, including any property in which the Defendant has any interest or control, if said assets, were possessed in violation of Title 18, United States Code, Section 1029(a)(3) set forth in Count One of the Indictment.

(J)     Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(K)     Defendant agrees that the forfeiture provision of this plea agreement is intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

(6)

Nothing herein limits the sentencing discretion of the Court.

$\cancel{EM}$                    19                    $\mathbb{M}^\mathbb{V}$

(7)

This agreement constitutes the entire agreement between defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

DEFENDANT MARTINEZ admits that the allegations contained in Count 1 of the indictment are true and correct.

On May 9, 2014, at about 5:00 p.m., a deputy with the Lowndes County Sheriff's Office was traveling southbound on Interstate 75 in Lowndes County, Georgia. The

*EM*

20

deputy saw a silver Dodge Caravan minivan in the center lane that began to merge into the left lane in front of him forcing him to decrease speed to avoid a collision. The deputy continued to follow and watch the minivan and noticed that it continued to drive erratically crossing the left hand side lane divider. The deputy initiated a traffic stop of the vehicle after he noted the driver had a cigarette in his left hand and feared the driver may be distracted, possibly falling asleep, due to his erratic driving.

During the traffic stop, the deputy noted the driver was extremely nervous as were the other three occupants of the vehicle. The deputy requested the driver's license of the driver, MARTINEZ, and verified that MARTINEZ was registered as the owner of the vehicle. The deputy advised MARTINEZ he was going to write him a warning ticket. Because of MARTINEZ'S behavior during the stop, the deputy suspected that something illegal may be contained in the vehicle, and asked MARITNEZ for consent to search vehicle. MARTINEZ provided verbal consent to search the vehicle.

Additional deputies arrived on scene and removed the other three occupants, co-defendants Corona, Valdes, and Hernandez-Vilar, from the vehicle. During the search, multiple credit and debit cards were located in plastic bags in the glove compartment. Additional credit cards and gift cards were located scattered throughout the vehicle. Because of the deputy's experience with gift/debit/credit cards in vehicles that have either been stolen and/or forged with false accounts from individuals and/or banks and the indications of such criminal activity, he detained the individuals. Subsequent review of the cards revealed 52 credit and debit cards embossed with the names the three

$\cancel{E}$ M

21

$\cancel{\text{AP}}$ $\text{U}$

co-defendants (none were in Martinez's name) and with various account numbers. The embossed numbers were different from the numbers that were encoded on the magnetic strip on the cards.

Deputies also discovered a black satchel located in the back seat area of the vehicle that contained a laptop computer and a Magnetic Card Reader/Writer, Model MSR605, serial number A514016413. The card reader/writer had been used to encode the various account number which were stolen and belonged to people other than the defendants on the debit and credit cards embossed with the three co-defendants' names.

The vehicle search also yielded one hundred eighty-two gift cards from various retailers which had been purchased using the unauthorized credit and debit card numbers. Two laptop computers, one mini storage device, and four cell phones, all of which were used in connection with the fraud were also found in vehicle. The laptops contained an additional approximately 463 credit and debit card numbers that were stolen and were unauthorized.

The Government and defendant stipulate that, for purposes of calculating the advisory sentencing guidelines range under the United States Sentencing Guidelines, §§ 1B1.3 and 2B1.1(b), defendants possessed 515 unauthorized credit and debit card numbers; the magnetic card reader/writer possessed by defendant was device-making equipment; and the number of victims was more than 250 based on the number of credit and debit card numbers possessed. The parties further stipulate that the credit and debit card numbers are access devices for purposes of Title 18, United States

$\angle M$

22

$MDC$

Code, Section 1029 and that the unauthorized possession and use of those numbers on financial institutions doing business in interstate and foreign commerce and utilizing facilities of interstate and foreign commerce and encoded using a magnetic card reader/writer manufactured outside the State of Georgia affected interstate and foreign commerce.

$\digamma M$

$\rho \rho L$

(9)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that

this agreement shall become effective only upon the Court's acceptance of this

agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 23rd day of October , 2014.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY:

ROBERT D. McCULLERS
GEORGIA BAR NO. 486976
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
P.O. BOX 1702
MACON, GA 31202
TEL. (478) 621-2700
FAX. (478) 621-2655

EM

24

I, EDUARDO RODRIGUEZ MARTINEZ, have read this agreement or had this agreement read to me by my attorney, RICKY D. COLLUM, I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

EDUARDO RODRIGUEZ MARTINEZ
DEFENDANT

I, RICKY D. COLLUM, attorney for defendant EDUARDO RODRIGUEZ MARTINEZ, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

RICKY D. COLLUM
ATTORNEY FOR DEFENDANT

EM

25